(79 Misc. Rep. 91.)

### REISLER v. INTERBOROUGH RAPID TRANSIT CO.

(Supreme Court, Appellate Term, First Department.   January 15, 1913.)

1. FALSE IMPRISONMENT (§ 4*)—MATERIAL ISSUES.

   In an action for false imprisonment, the sole question was whether the arrest was lawful, and the mental attitude of the defendant in causing the arrest was unimportant.

   [Ed. Note.—For other cases, see False Imprisonment, Cent. Dig. § 16; Dec. Dig. § 4.*]

2. ARREST (§ 64*)—VALIDITY—MISDEMEANOR CASE.

   An arrest without a warrant by a private person for misdemeanor is lawful only where a misdemeanor was actually committed in his presence.

   [Ed. Note.—For other cases, see Arrest, Cent. Dig. §§ 157–160; Dec. Dig. § 64.*]

3. FALSE IMPRISONMENT (§ 37*)—TRIAL—MISDEMEANOR—EVIDENCE.

   Where, in an action for false imprisonment, the plaintiff and two witnesses testified that plaintiff did not commit the misdemeanor for which he was arrested, it was error to dismiss the complaint, regardless of the ground upon which plaintiff was discharged by the magistrate before whom he was taken after his arrest.

   [Ed. Note.—For other cases, see False Imprisonment, Cent. Dig. §§ 116–120; Dec. Dig. § 37.*]

Appeal from City Court of New York, Trial Term.

Action by John J. Reisler against the Interborough Rapid Transit Company. From judgment dismissing complaint at close of plaintiff's case and denial of new trial, plaintiff appeals. Reversed, and new trial ordered.

See, also, 135 N. Y. Supp. 603.

Argued November term, 1912, before LEHMAN and PAGE, JJ.

Henry J. Goldsmith, of New York City, for appellant.
James L. Quackenbush, of New York City, for respondent.

LEHMAN, J.  Plaintiff sues for damages for an alleged false imprisonment. At the trial the plaintiff showed that he was arrested without a warrant by a special officer in the employ of the defendant at

the instigation of a guard in defendant's employ, and that at the hearing before the magistrate the complainant was represented by an attorney in defendant's employ. The charge was apparently disorderly conduct. The magistrate discharged the plaintiff.

[1] Since the complaint in this action is for false imprisonment, the mental attitude of the defendant in causing the arrest is unimportant. The sole question is whether the arrest was lawful.

[2] An arrest without a warrant by a private person for a misdemeanor is lawful only where a misdemeanor was actually committed in the presence of that person.

[3] In this case the plaintiff showed by his own testimony and the testimony of two witnesses that he used no vile language, and did not assault the guard. The guard was interrogated by the plaintiff as to his instigation of the arrest, and then was cross-examined by the defendant as to the justification for the arrest, and on the cross-examination testified that the plaintiff had called him a vile name, and assaulted him. The plaintiff then rested, and the trial justice thereupon dismissed the complaint. In the record appears a transcript of the proceedings before the magistrate, which is marked "Defendant's Exhibit A," although I fail to find in the record where or how this transcript was admitted. This transcript shows that in the proceedings before the magistrate the complainant made out a prima facie case of assault, but that the magistrate dismissed the charge on the ground that the arrest was illegal in its inception, because the offense was not committed in the presence of the special officer who made the arrest. Conceding that the magistrate erred in discharging the plaintiff, I fail to see how that fact justified the dismissal of this complaint.

The only question before the court in the action for false imprisonment is whether or not the arrest was lawful. If the arrest was unlawful, in fact, then the plaintiff has established his cause of action, even though the magistrate at the hearing should have required the plaintiff to meet the charge made against him. The plaintiff having made out a prima facie case, the trial justice erred in dismissing the complaint. In dismissing the complaint the trial justice stated:

"Under chapter 659, § 75, of the Laws of 1910, on two points, of lack of jurisdiction in the Magistrate's Court and the failure of proof in the Magistrate's Court, I shall have to dismiss the complaint."

Since the argument leading up to this statement is omitted from the record, and the respondent failed to file a brief, we are somewhat at a loss as to the exact meaning of this statement by the court. Certainly an arrest which is in itself illegal cannot be made legal by the failure to arraign the arrested party in the proper court and by failure of proof in the court where he is arraigned.

It follows that the judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.

PAGE, J., concurs.